UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Jean-Marc Zimmerman
Zimmerman, Weiser & Paray LLP
226 St. Paul Street
Westfield, New Jersey 07090
Tel:  (908) 654-8000
Fax: (908) 654-7207
jmz@zwpllp.com

Robert Klinck (*Pro Hac Vice* pending)
Klinck LLC
4545 42nd St NW, Suite 105
Washington, DC 20016
Tel: (202) 517-7270
Fax: (202) 888-3304
rklinck@klinckllc.com

Attorneys for Plaintiff Greenfly America, Inc.

| GREENFLY AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWIFTREACH NETWORKS, INC, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |
|---|---|

Plaintiff Greenfly America, Inc. ("Greenfly") demands a jury trial and complains against Defendant SwiftReach Networks, Inc. ("SwiftReach").

## THE PARTIES

1.     Greenfly is a corporation organized and existing under the laws of the State of Nebraska, conducting business in this judicial district.

2. Upon information and belief, SwiftReach is a New Jersey corporation with its headquarters located at 14 Industrial Avenue, Suite 4, Mahwah, New Jersey, 07430 and conducts business in this judicial district.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Greenfly is informed and believes, and based thereon alleges, that SwiftReach is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

6. On January 29, 2013, U.S. Patent No. 8,364,770 ("the '770 Patent") was duly and legally issued to Greenfly, naming David J. Ladouceur and Michael J. Tracy ("the inventors") as the inventors. The '770 Patent claims an invention entitled "Heterogeneous Network of Electronic Messages In Accordance With Privacy and Personalization Criteria". On August 23, 2010, the Inventors assigned all right, title and interest in and to the '770 Patent to Greenfly. A copy of the '770 Patent is attached to this Complaint as Exhibit 1.

7. The '770 Patent is directed to a novel method of delivering electronic messages on disparate communications networks, including using social fabric templates to create action lists to identify different groups of recipients of the messages.

## COUNT I

### DIRECT INFRINGEMENT BY SWIFTREACH

8.     Greenfly repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 7 above.

9.     Greenfly is informed and believes, and based thereon alleges, that SwiftReach makes, uses, tests, markets and sells or otherwise provides a notification delivery network dedicated exclusively to the delivery of emergency electronic messages over disparate communications networks to different groups of recipients (hereinafter "the SwiftReach NDN").

10.    Greenfly is informed and believes, and based thereon alleges, that the SwiftReach NDN is designed to deliver emergency electronic messages over disparate communications networks to different groups of recipients.  Greenfly is further informed and believes, and based thereon alleges, that the SwiftReach NDN allows for the targeting of messages based upon the potential recipients movement and/or location information.

11.    Greenfly is informed and believes, and based thereon alleges, that the SwiftReach NDN infringes claims of the '770 Patent, including without limitation at least claims 1 and 6, literally and/or under the doctrine of equivalents, in violation of Greenfly's rights.

## COUNT II

### SWIFTREACH'S INDIRECT INFRINGEMENT

12.    Greenfly repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 11 above.

13.    Greenfly is informed and believes, and based thereon alleges, that the SwiftReach NDN is designed specifically to deliver emergency electronic messages over disparate communications networks to different groups of recipients in a manner that infringes the claims

of the '770 Patent, including without limitation at least claims 1 and 6 thereof.

14. Greenfly is informed and believes, and based thereon alleges, that the SwiftReach NDN is material for delivering emergency electronic messages over disparate communications networks to different groups of recipients in a manner that infringes the claims of the '770 Patent.

15. Greenfly is informed and believes, and based thereon alleges, that the SwiftReach NDN uses a method for delivering emergency messages over disparate communications networks that infringe the claims of the '770 Patent.

16. Greenfly is informed and believes, and based thereon alleges, that the SwiftReach NDN does not have substantial non-infringing uses.

17. On its website at https://www.swiftreach.com/Company/Technology.aspx, SwiftReach advertises that its NDN is "dedicated exclusively to the delivery of emergency messages . . . with the utmost reliability and speed while allowing complete control of each notification."

18. On its website at https://www.swiftreach.com/ Solutions/Swift911% E2%84%A2 .aspx, SwiftReach also advertises that its NDN can deliver messages "via multiple contact methods including; voice, text, fax and social media and syndicate messages via RSS and CAP/IPAWS."

19. Greenfly is informed and believes, and based thereon alleges, that SwiftReach has investigated the '770 Patent and became aware, or should have become aware, that the SwiftReach NDN infringes the '770 Patent.

20. Greenfly is informed and believes, and based thereon alleges, that SwiftReach has been advertising and offering for use by its customers the infringing the SwiftReach NDN after it became aware that it infringed the '770 Patent, and will continue with such infringing activities.

21. Greenfly is informed and believes, and based thereon alleges, that SwiftReach has been selling or otherwise providing the SwiftReach NDN to its customers with the specific knowledge of the '770 Patent and the specific knowledge that the SwiftReach NDN is and will be used to infringe the '770 Patent, and that SwiftReach will continue such infringing activities.

22. SwiftReach is jointly responsible with each of its customers for the infringement of the '770 Patent, through the use of the SwiftReach NDN.

23. SwiftReach contributes to the infringement and induces infringement of the '770 Patent based on its marketing, sale, distribution and teaching to its customers how to use the SwiftReach NDN, and SwiftReach's own actions in assisting its customers in the operation of the SwiftReach NDN.

24. SwiftReach has been and is actively inducing the infringement of the '770 Patent by encouraging its customers to use the SwiftReach NDN, that has no substantial non-infringing use and is material for enabling delivery of emergency messages over disparate networks in a manner that constitutes direct infringement of the claims of the '770 Patent. SwiftReach has been and continues doing so with knowledge of the '770 Patent and with the specific intent that its customers use the SwiftReach NDN in a manner that constitutes direct infringement of the claims of the '770 Patent.

25. SwiftReach has been and is contributorily infringing the '770 Patent by providing to its customers NDN, which has no substantial non-infringing use and is material for enabling delivery of emergency messages over disparate networks in a manner that constitutes direct

infringement of the claims of the '770 Patent. SwiftReach has been and continues doing so with knowledge of the '770 Patent and with the specific intent that its customers use the SwiftReach NDN in a manner that constitutes direct infringement of the claims of the '770 Patent.

26. SwiftReach customers have been using the SwiftReach NDN in a manner that constitutes infringement of the claims of the '770 Patent.

27. SwiftReach assists its customers with their infringing uses of the SwiftReach NDN, including without limitation teaching its customer how to operate the SwiftReach NDN, supporting its operation and providing testing, support and maintenance for the SwiftReach NDN.

28. Greenfly has been and is being damaged by the foregoing activities of SwiftReach and its customers which infringe the '770 Patent, and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Greenfly prays for judgment against Defendant SwiftReach on all the counts and for the following relief:

A. Declaration that the Greenfly is the owner of the right to sue and to recover for infringement of the '770 Patent being asserted in this action;

B. Declaration that SwiftReach has directly infringed, actively induced the infringement of, and/or contributorily infringed the '770 Patent;

C. Declaration that SwiftReach and its customers are jointly or severally responsible for the damages from infringement of the '770 Patent through the use of SwiftReach two-step verification;

D. Declaration that SwiftReach is responsible jointly or severally with its customers

        for the damages caused by the infringement of the '770 Patent through the use of the SwiftReach NDN, by the SwiftReach's customers;

E.     A preliminary and permanent injunction against SwiftReach, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors, enjoining them from continuing acts of direct infringement, active inducement of infringement, and contributory infringement of the '770 Patent;

F.     An accounting for damages under 35 U.S.C. § 284 for infringement of the '770 Patent by SwiftReach, and the award of damages so ascertained to Greenfly together with interest as provided by law;

G.     Award of Greenfly's costs and expenses;

H.     Award of Greenfly's attorney fees; and

I.     Such other and further relief as this Court may deem proper, just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff Greenfly demands a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Zimmerman, Weiser & Paray LLP
226 St. Paul Street
Westfield, New Jersey 07090
Tel:  (908) 654-8000
Fax: (908) 654-7207
jmz@zwpllp.com

Robert Klinck (*Pro Hac Vice* pending)
Klinck LLC
4545 42nd St NW, Suite 105
Washington, DC 20016
Tel: (202) 517-7270
Fax: (202) 888-3304
rklinck@klinckllc.com

Attorneys for Plaintiff Greenfly, Inc.

Dated: November 14, 2015
      Westfield, NJ 07090